369 A.2d 1220

**Sheldon FLAME, Appellant at 368,**

v.

**OAK LANE SHOPPING CENTER, INC.,
Appellant at 473.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1976.

Decided Feb. 28, 1977.

David Kanner, Philadelphia, for appellant at No. 368 and appellee at No. 473.

Butera & Detwiler, Clarke F. Hess, King of Prussia, for appellant at No. 473 and appellee at No. 368.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

This case involves a dispute between a landlord and tenant as to the scope and application of a fire clause in their written lease. The tenant has appealed from the trial court's refusal to order damages in addition to a restoration of the damaged building, and the landlord has appealed from the requirement of the decree that he restore the leased premises to a tenantable condition.[1]

The lease in question was made by Oak Lane Shopping Center, Inc., the landlord and appellant at No. 473 [herein "the landlord"] to Sheldon Flame, the tenant and appellant at No. 368 [herein "the tenant"]. The ten year term of the lease began on May 15, 1968 and will end on May 15, 1978.

On February 1, 1974, a fire virtually destroyed the shop on the leased premises in which the tenant conducted his business. On May 1, 1974, the landlord sent the tenant a registered letter, reciting the opinion of one Robert Rosen, an engineer, that the store could not be repaired within 120 days, and announcing the election of the landlord to terminate the lease pursuant to the terms of Section 15 thereof. That section provided as follows:

"FIFTEEN.—If the demised premises are damaged by fire or other insured casualty, not occurring through any act or failure to act on the part of Tenant, its agents, servants or employees, and such damage can be repaired within 120 days of the date of such occurrence; this lease shall remain in full force and effect, and the Landlord shall promptly repair such damage at its expense, and in that event, there

1. The appeal in this case was filed on April 4, 1975 under the Act of July 31, 1970, P.L. 673, 17 P.S. § 211.202, before the effective date of our Supreme Court Rule No. 73, on April 7, 1975. That rule, which has since been superseded by Pa.R.A.P. 702, transferred jurisdiction of equity appeals to the Superior Court.

shall be a proportionate abatement of rent for so much of the demised premises as may be untenantable during the period of repair or restoration. If in the opinion of a registered Architect or Engineer appointed by the Landlord the demised premises are damaged by fire or other casualty to such an extent that the damage cannot be repaired or restored within 120 days from the date of such occurrence, . . . this lease shall terminate at the option of Landlord upon written notice given thirty (30) days after such occurrence."

Promptly following his receipt of the notice of cancellation, the tenant brought this action in equity. The complaint prayed that the purported termination of the lease be rescinded, that the landlord be ordered to repair the premises, and that the tenant be awarded damages for his profits lost during the period when the landlord had unjustifiably failed in his duty to repair.

After a trial the chancellor ordered the landlord to repair the premises within 120 days from the date his decree should become final and, in addition, ordered that the lease be extended beyond its stated expiration date so as to take account of the delay in effectuating the repairs.[2] The court refused to award damages, concluding that they were inappropriate under the circumstances.

 Together, the appeal and cross-appeal in this case challenge the legal basis of the lower court's grant of relief on the one hand, and on the other hand, present the question whether the relief awarded was adequate.[3] The basis for the trial court's opinion is its interpreta-

2. The chancellor decreed that the duration of the extension should be the period from June 1, 1974 until date of the completion of repairs.

3. The landlord also raises several procedural points, all of which we find to be without merit. Because he failed to file a preliminary objection raising the question whether the plaintiff had an adequate remedy at law, that issue is waived and we will not now consider it. Pa.R.C.P. 1509(c).

tion of the lease, drafted by the landlord, as imposing on the landlord

"the duty of repairing the premises if it can be accomplished within one hundred twenty days, and [that] the opinion of the registered architect or engineer cited in Section Fifteen must be a good faith judgment grounded on fact and not mere conjecture." The trial court then held implicitly that Rosen's opinion in the instant case had not been made in good faith because, as the court found, it had been based on mere conjecture and alleged facts the falsity of which could have been readily determined. That Rosen's opinion had been based on false assumptions about crucial facts was adequately demonstrated by the tenant's expert evidence at trial. This proof, coupled with evidence of Rosen's past business relations with the landlord, caused the chancellor to conclude his opinion below as follows:

"Allowing the lease contract dealing with an established business to terminate on the basis of an irreparably tarnished opinion is too harsh a result for the conscience of the Court to contemplate. We cannot permit the demise of the plaintiff's trade to be based upon an opinion that borders the thin line between bad faith and incompetence."

We agree with the chancellor's interpretation of Section 15 of the lease as including the requirement that the professional engineer's opinion be made in good faith. The principle that the opinion of a person who is not party to a contract as to the adequacy of a performance, which opinion is by the terms of the contract determinative of some rights of the parties, must be an objective opinion made in good faith, seems self-evident and is well established in contract law. Restatement of Contracts, Section 303 (1932); *Kramer v. Philadelphia Leather Goods Corp.*, 364 Pa. 531, 73 A.2d 385 (1950). In the context of a lease, the Commonwealth Court has recently applied a similar principle, *Commonwealth De-*

*partment of Property and Supplies v. Berger,* **11** Pa. Cmwlth. 332, 213 A.2d 100 (1973). It was there held that a party could not reject a performance as unsatisfactory where his dissatisfaction is capricious or in bad faith. Where, as in the instant case, it is the function of a third person to give an expert objective opinion as to a technical problem, adherence to the good faith standard is equally necessary and perhaps more readily susceptible to judicial decision than where the only standard for the inadequacy of a performance is the satisfaction of a party.

█ Nor does Section 15 by its terms require that the period of time during which the landlord is performing his duty to repair a fire-damaged structure should be excluded from the computation of the stated term of the lease. Rather, it merely allows the rent to be abated until the restoration is completed. The chancellor's order, which extended the term of the lease by a period approximately equal to the period during which the landlord had failed to perform his duty to repair, was a reasonable application of Section 15 in the circumstances and will not be disturbed by this Court.

█ As to the tenant's claim for damages, the chancellor concluded that they would not be "appropriate if defendant presently undertakes to restore the premises." In so concluding, we think the chancellor fell into error. While the chancellor's decree granting relief was proper and sound as far as it went, it did not afford the plaintiff redress for any injury which resulted from the landlord's failure to repair the leased premises within the period of one hundred and twenty days allowed him by the lease agreement.

Decree affirmed subject to modification to include such damages as may be proved at a further hearing, and case remanded for further proceedings consistent with this opinion.

Each party to bear own costs.