398 A.2d 721

OAK LANE SHOPPING CENTER, INC., Appellant in No. 806,

v.

Sheldon FLAME t/a Flame Hardware, Inc., Appellee,

v.

PHILADELPHIA SUBURBAN WATER COMPANY,
Appellant in No. 825,

and

Cheltenham Township, Appellant in No. 866.

Superior Court of Pennsylvania.

Argued Sept. 12, 1978.

Decided March 2, 1979.

See also, 471 Pa. 112, 369 A.2d 1220.

Joseph A. Gerber, Philadelphia, for appellant Oak Lane Shopping Center at No. 806 and appellee at Nos. 825 and 866.

Arthur R. Tilson, Ambler, for appellant Philadelphia Suburban Water Co. at No. 825 and appellee at Nos. 806 and 866.

Thomas E. Duffy, Hatboro, for appellant Cheltenham Township at No. 866 and appellee at Nos. 806 and 825.

Benjamin E. Zuckerman, Norristown, for appellee Sheldon Flame, t/a Flame Hardware, Inc.

Before VAN der VOORT, MONTGOMERY and WATKINS, JJ.

WATKINS, Judge:

■ The appeals are by the appellee-defendants, Oak Lane Shopping Center, Inc., Philadelphia Suburban Water Company and Cheltenham Township from an order of the Court of Common Pleas of Montgomery County, Civil-Trial

Division, granting summary judgment to Sheldon Flame, trading as Flame Hardware Company, on January 4, 1978. Subsequent to the appeals, on March 30, 1978, the court below filed an opinion reversing itself holding as follows: "we conclude that Summary Judgment entered in favor of Flame was improper and should be reversed". A motion to remand was denied by this Court. As the reversal by the court below was subsequent to the appeal before us, the record was in the Superior Court and the decision was of no effect. We, therefore, hold that the court below had no jurisdiction of the case at the time of its attempted reversal of its order of January 4, 1978.

On February 1, 1974, a fire in the Oak Lane Shopping Center, owned by appellant Oak Lane Shopping Center, Inc., hereinafter referred to as Oak Lane, substantially damaged the premises of the Flame Hardware Store, owned by Sheldon Flame, a tenant of Oak Lane's. A provision in the lease agreement between Oak Lane and Flame provided that in the event of a fire that the landlord could treat the lease as cancelled if a qualified architect or engineer certified that it could not be repaired within 120 days. Oak Lane's expert so certified and Oak Lane chose to cancel Flame's lease. Flame, however, sought his own expert advice and produced experts who disagreed with Oak Lane's.

On April 11, 1974 Flame sued Oak Lane in equity alleging a breach of Oak Lane's duty to restore the premises and challenging Oak Lane's claim that the premises could not be repaired within 120 days. After trial, the court ordered Oak Lane to restore the leased premises to a tenantable condition but denied Flame's claim for damages which he claimed he suffered due to Oak Lane's refusal to repair the premises. On February 28, 1977 the Supreme Court affirmed the trial court's decision insofar as it had ordered the landlord to restore the damaged premises but it reversed the trial court's holding on the damages issue and remanded the case to the trial court and ordered it to determine the amount of such damages. Oak Lane and Flame were the only parties to this suit. *Flame v. Oak Lane*, 471 Pa. 112, 369 A.2d 1220 (1977).

On September 23, 1975 Oak Lane filed a Complaint in Trespass and Assumpsit against Flame alleging that it was Flame's negligence in storing cardboard and paper cartons next the heater on the premises which caused the fire. Flame then joined Cheltenham Township and Philadelphia Suburban Water Company as additional defendants alleging that they were negligent in not properly maintaining and operating fire hydrants in the area and in failing to maintain a sufficient water system for fighting fires.

On March 21, 1977, Flame filed a motion for summary judgment in the case, alleging that Oak Lane's suit was barred by the doctrine of res judicata and collateral estoppel due to the aforementioned equity proceedings. On January 4, 1978 the court below granted Flame's motion from which Oak Lane, Cheltenham Township and Philadelphia Suburban Water Company appealed. However, on March 30, 1978, the court below reversed itself and held that its granting of plaintiff's motion for a summary judgment on the grounds of collateral estoppel was error. However, this decision occurred subsequent to the instant appeal as discussed above.

The doctrine of res judicata refers to the effect of a judgment rendered in a prior case upon a subsequent cause of action. For the doctrine of res judicata to prevail, there must be a concurrence of four identities: (1) identity in the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 327 A.2d 72 (1974). In the instant case it is apparent that since there are new parties to this cause of action, namely, the township and the water company that element three of the above test has not been met. It would be manifestly unfair to hold the new parties to essential findings made in the equity case since they have had no opportunity to litigate these findings. Also the causes of action are not identical. Therefore the doctrine of res judicata does not apply.

■ Pennsylvania has long accepted the principle of collateral estoppel as defined in *Restatement of Judgments § 68*: "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . ." *Davis v. O'Brien*, 230 Pa.Super. 449, 326 A.2d 511 (1974). The Restatement goes on to state: "(2) A judgment of one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action". *Restatement of Judgments § 68*. Plaintiff contends that since Oak Lane had the opportunity to raise his negligence as a defense to the Equity Action and since it did not do so that it is now barred by the doctrine of collateral estoppel from instituting a new suit against Flame alleging such negligence.

■■ At the equity trial the only reference to any negligence on Flame's part occurred when the trial court asked of Flame's counsel whether he could prove that Flame had nothing to do with the fire. Nothing further was said about any negligence of Flame. The trial court in the equity action made no finding with regard to any negligence on Flame's part and while we recognize that it can be argued that Flame could not have been successful in the equity case had he been negligent we cannot hold that the issue of his negligence had *actually* been litigated in that proceeding. Rather a reading of the trial judge's and Supreme Court opinions on that matter reveal that those courts were solely involved with the issue of whether the premises could have been repaired within 120 days. Because we find that the issue of Flame's negligence had not *actually* been litigated in the prior proceedings we hold that the doctrine of collateral estoppel does not apply. The issue had never been raised during the equity action, had never been argued, and no specific finding of fact was made thereto by the trial court. Therefore we cannot hold that it has been actually litigated by Oak Lane's failure to raise it as a defense during the equity proceeding. If the parties to a proceeding

have had the opportunity to appear and be heard in a prior proceeding involving the same subject matter, all issues of fact which were actually adjudicated in the former action and which were essential to the judgment therein are concluded as between the parties even though the causes of action in the two proceedings are different. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). Flame's alleged negligence has never been actually litigated as discussed above. Therefore Flame's Motion for Summary Judgment should have been denied.

■ Flame alleges that since Oak Lane failed to raise the negligence issue during the equity case that he should be estopped from doing so now in the interests of judicial economy. While judicial economy may be a desirable end, we cannot ignore the fact that Oak Lane was under no obligation to raise the negligence issue during the equity trial at the risk of losing its cause of action. *Pennsylvania Rules of Civil Procedure 1510* provides in relevant part that: "A defendant *may* plead as a counterclaim only a cause of action, whether equitable or legal which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." (Emphasis added) Thus, in *Martin v. Poole*, 232 Pa.Super. 263, 336 A.2d 363 (1975), we held that in Pennsylvania there is no compulsory counterclaim rule and a defendant who has a cause of action which arises from the same transaction or occurrence as that from which the plaintiff's cause of action arose may, at his option, either plead his demand against the plaintiff by counterclaim or institute a separate action. Therefore Oak Lane was under no obligation to raise Flame's negligence as a defense in the equity action at the risk of losing its claim against Flame in trespass or assumpsit.

Since neither the doctrine of res judicata nor the doctrine of collateral estoppel bar this action, the order of January 4, 1978 granting the Motion of Flame Hardware, Inc. for Summary Judgment is reversed and the case remanded for further proceedings consistent with this opinion.