**Michael CARBONARO, et al.**

v.

**JOHNS–MANVILLE CORPORATION, et al.**

Civ. A. No. 81–1111.

United States District Court, E. D. Pennsylvania.

Nov. 20, 1981.

Marc P. Weingarten, Greitzer & Locks, Philadelphia, Pa., for plaintiffs.

John Patrick Kelley, Joseph W. McGuire, Krusen Evans & Byrne, Philadelphia, Pa., for defendant Owens-Corning Fiberglas Corp.

## MEMORANDUM

GILES, District Judge.

In this asbestos suit, defendant Owens-Corning Fiberglas moves for summary judgment against plaintiff on the ground of res judicata. The motion will be granted.

In 1979, plaintiffs initiated suit in Pennsylvania state court for asbestos-related injuries. *See Carbonaro v. Johns-Manville Corp.*, Jan. Term 1979, No. 4052 (Case No. 27) (Pa. C.P.). They alleged that defendants' misdeeds and negligence caused plaintiffs:

to contract diseases and injuries to [their] ... body system[s], lungs, respiratory

system[s], heart and damage to various organs of [their bodies] ... including injury to tissue and bone, the full extent of which has not been determined, and including, but not limited to asbestosis, scarred lungs, respiratory disorders, and the risk of mesothelioma and other cancers, some or all of which may be permanent and/or fatal.

Amended Complaint ¶ 26. In January, 1981, defendant Johns-Manville moved for summary judgment on the ground that the action was barred by the statute of limitations. A similar motion was filed by Keene Corporation on behalf of all other defendants. Instead of opposing those motions, plaintiffs brought this action in federal court against the identical defendants, alleging:

diseases and injuries to [their] ... body system[s], lungs, respiratory system[s], heart and damage to various organs of [their bodies] ... including injury to tissue and bone, the full extent of which has not been determined, and including, Adenocarcinoma of the transverse colon and the risk of mesothelioma and other cancers some or all of which may be permanent and/or fatal.

Complaint, ¶ 23. On May 21, 1981, Judge Takiff entered judgment in the state-court action in favor of all defendants and against plaintiff. Defendants now seek judgment in their favor in the federal action because Judge Takiff's orders are res judicata.

Plaintiffs oppose the motion, arguing that the Common Pleas' decision does not foreclose the issue in this court. They advance two reasons in support of their argument. First, they contend that because they allege admiralty jurisdiction, laches, rather than limitations, controls this action. Second, they say that the cancer which is the focus of the federal suit neither was discoverable at the time the state suit was started, nor was it a ground for Judge Takiff's order.[1] For these two reasons,

---

1. Plaintiffs argue that judgment was entered in the state suit because of their early discovery

of asbestos-induced lung diseases, whereas in the federal suit, they complain of adenocarcino-

plaintiffs argue that the federal suit presents issues not controlled by the state judgment.

■■ If the question before me were one of *issue* preclusion, plaintiffs might prevail. Res judicata, however, is a doctrine of *claim* preclusion. Because plaintiffs have confused these doctrines, and because courts sometimes use confusing language in discussing the preclusive effect of prior judgments,[2] a brief sketch of their principles is in order.

■ To preserve the finality of judgments from collateral relitigation, the common law has developed two major preclusive doctrines: issue preclusion, often called collateral estoppel, and claim preclusion, also called "merger and bar," "res judicata," or "the rule against splitting a cause of action."[3] Issue preclusion makes a prior final judgment conclusive when an *issue* was actually litigated, and was essential to the outcome of the prior judgment. *E. g., Restatement (2d), supra* note 3, § 68 (T.D. No. 4, 1977). In addition, a final judgment also extinguishes the *claim*, barring another action by plaintiff on the same claim. *E. g., id.* § 48 (T.D. No. 1, 1973). Claim preclu-

sion bars a later suit even though it raises new grounds, new theories, or asks for new remedies or increased damages. *E. g., id.* § 61.1 & Comment c (T.D. No. 5, 1978). Claim preclusion also operates to bar relitigation of issues not raised in the prior suit. *E. g., Cromwell v. County of Sac,* 94 U.S. 351, 352–53, 24 L.Ed. 195 (1877); *see* note 2 *supra.* Because defendant's motion is grounded on claim preclusion, plaintiffs' argument that the issues are different is irrelevant. The question before me is whether the federal suit raises the same "claim."[4]

■■ Although a variety of tests have been suggested for determining the scope of a claim, *see, e. g.,* 1B *Moore's Federal Practice* ¶ 0.410[1], at 1157 (1980), the modern approach is transactional; the prior judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Restatement (2d), supra* note 3, § 61(1) (T.D. No. 5, 1978). The prior state complaint relates to exactly the same transactions—defendants' alleged negligence, strict liability, fraud, etc., and the same period of exposure to

---

ma of the transverse colon—a cancer of the large intestine.

2. For instance, plaintiffs appear to have been confused by Justice Nix's statement in *Safeguard Mut. Ins. Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975), that res judicata requires an "identity of issues." "Identity of issues" as used by Justice Nix means nothing more than the first requirement of his opinion in *Bearoff v. Bearoff Bros.,* 458 Pa. 494, 497, 327 A.2d 72, 74 (1974)—"identity in the thing sued upon." Thus, the Pennsylvania law of claim preclusion does not require that the first case be decided on exactly the issue presented in the second; the requirements are the same as those discussed in the text *infra. See, e. g., id.; Oak Lane Shopping Center v. Flame,* 264 Pa.Super.Ct. 9, 13, 398 A.2d 721, 724 (1979).

I also note my puzzlement with plaintiffs' reference to *Safeguard Mutual* as controlling. Plaintiffs contend that this is an admiralty suit. If so, federal common law, not state law controls, a conclusion relied on by plaintiffs in their argument on laches. Furthermore, the state complaint alleged that defendants "[v]iolated the admiralty and maritime laws of the United States." Amended Complaint, ¶ 7(p).

3. *See, e. g.,* F. James & G. Hazard, *Civil Procedure* § 11.3 (2d ed. 1977). *See generally, e. g., id.* §§ 11.1–.31; 1B *Moore's Federal Practice* ¶¶ 0.405–.448 (1980); *Restatement (Second) of Judgments* [hereinafter cited as *Restatement (2d)*] §§ 41–68.1 (Tent. Draft [hereinafter cited as T.D.] No. 1, 1973; T.D. No. 4, 1977; T.D. No. 5, 1978); *Restatement of Judgments* §§ 41–72 (1942) [hereinafter cited as *Restatement (1st)*]; *see also* Comment, *The Collateral-Estoppel Effect to be Given State-Court Judgments in Federal Section 1983 Damage Suits,* 128 U.Pa.L. Rev. 1471, 1475–76 (1980).

4. The other two requisites for claim preclusion—valid prior judgment and identity of parties—clearly are satisfied.

Plaintiffs cite several cases dealing with the start of running of limitations. *Bayless v. Philadelphia Nat'l League Club,* 579 F.2d 37 (3d Cir. 1978); *Shadle v. Pearce,* 287 Pa.Super. 436, 430 A.2d 683, 685–86, 686 n.3 (1981). Since that question is not before me, those cases are inapposite. Even if that question were presented here, it is not clear that those cases would compel a decision in plaintiffs' favor. *See* note 6 *infra.*

asbestos—as the complaint before me. Thus, at first glance, this claim is barred.

One of plaintiffs' contentions, however, might serve to narrow the scope of the first claim. They argue that (1) the cancer alleged in the current action was not discoverable until after the first suit was brought, and (2) that a cause of action for cancer accrued after the first suit was brought. Therefore, one might conclude that judgment on the first suit cannot bar an action for cancer which was then undiscoverable. Because the first proposition is a disputed material fact, I shall take it as true for purposes of this motion. The second argument is questionable.[5] But, even assuming arguendo its correctness, the proposed conclusion does not follow.

The most important reason for rejecting the conclusion is that the prior complaint embraces the injury alleged in the subsequent suit. The state complaint includes all types of then-existing and future bodily injuries caused by asbestos exposure. Both complaints specifically allege "risk of mesothelomia and other cancers." The only relevant difference between the pleadings is that the second complaint mentions "[a]denocarcinoma of the transverse colon." In this respect, the injuries alleged in the second complaint are not different; they are merely more specific. Had plaintiffs prevailed in the state court action, they would have been entitled to recover for all cancers in that action, and a subsequent action would have been prevented by the claim-preclusion rule of "merger." *See, e. g., Restatement (2d), supra* note 3, § 47(a) (T.D. No. 1). Because defendants prevailed, the symmetric rule of "bar" requires the same result. *See, e. g., id.* § 48. Furthermore, medical knowledge of the effects of asbestos exposure is such that someone contracting one asbestos-related disease should know that asbestos exposure increases the risk of other latent injuries, and that medical knowledge may entitle plaintiffs to damages for the increased risk. *See* § 61.1,

Comment c (T.D. No. 5, 1978). That plaintiffs and their attorneys both were aware of this risk, including the specific risk of unknown cancers, and thought they were entitled to recovery for the risk is reflected in the language of the 1979 complaint.[6] Thus, a comparison of the complaints compels the conclusion that judgment on the first bars suit on the second.

■■■ This conclusion is supported by two rules which help define the scope of the claim. The first is that a transaction may be single despite different harms. *See generally id.* § 61, Comment c; *Restatement 1st, supra* note 3, § 62, Comment e. Thus, discovery of a different harm is not enough to save plaintiffs from claim preclusion. Indeed, damages for injury caused by an actionable wrong extend to future increased damages. *Restatement (2d), supra* note 3, § 61.1, Comment c (T.D. No. 5, 1978).

■■■ The second rule interpreting the scope of a claim is that claim preclusion applies where evidence needed in the second suit would have sustained the prior action. *Restatement (1st), supra* note 3, § 62, Comment e. A glance at the complaints demonstrates that the evidence required for the federal action would have also sustained the state action.

In fact, the cancer which plaintiffs focus on here might well have caused Judge Takiff to rule the other way, if only plaintiffs had brought that information to his attention. The plaintiffs knew of the newly discovered injury no later than August, 1980, at least four months prior to the first motion for summary judgment on the statute of limitations. Likewise, plaintiffs' counsel were aware of the diagnosis at least as early as the filing of the federal complaint, which occurred two months prior to Judge Takiff's decision. Thus, the failure to present this evidence in the prior action results from a deliberate bypass of available state process.

---

**5.** *See* note 6 *infra.*

**6.** These factors—the state of scientific knowledge, the reflection if this knowledge in the

prior complaint, and the sweep of that pleading—cause me to question the proposition asserted in the text preceding note 5 *supra.*

Plaintiff suffers from cancer allegedly caused by defendants. He cuts a sympathetic figure. It is difficult to tell someone in his position that he lacks a remedy at law. It is my duty, however, to decide cases without sympathy, by reference to the appropriate legal principles. Under those principles, the current claim is within the scope of the prior claim. None of the exceptions to the rules of merger and bar applies. *See generally Restatement (2d),* supra note 3, § 61.2 (T.D. No. 5, 1978). Defendants therefore are entitled to judgment on the ground that this action is barred by a prior final judgment on the same claim.[7]

---

7. Plaintiffs' constitutional arguments do not merit discussion.