464 A.2d 1313

**Norman D. DAY and Nancy V. Day, his wife, Appellants,**

**v.**

**VOLKSWAGENWERK AKTIENGESELLSCHAFT and Volkswagen of America, Inc. and Volkswagen Atlantic, Inc. and Towne Volkswagen, Inc.,**

**and**

**Frank Paparo.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1983.

Filed Aug. 19, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

Carl N. Martin, II, Philadelphia, for appellants.

Stephen S. Phillips, Philadelphia, for Aktiengesellschaft, appellee.

Charles W. Craven, Philadelphia, for Volkswagen Atlantic, appellee.

Donald J. Sweeney, Philadelphia, for Towne, appellee.

Before BROSKY, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Does a state court action against a distributor and a retailer of an allegedly defective motor vehicle survive after an action in a federal court against the manufacturer and the importer has resulted in a final determination that the vehicle was not defective? The trial court held that the state court action was barred by res judicata and collateral estoppel and entered summary judgment in favor of the distributor and retailer. We affirm. Further proceedings in the state court action are barred by principles of collateral estoppel.

Mrs. Nancy V. Day was seriously injured when the Volkswagen van which she was driving through an intersection in the City of Philadelphia was struck by a vehicle whose driver had disregarded a red traffic signal. After settling claims against the driver of the offending vehicle, Norman and Nancy Day filed simultaneous actions in the United States District Court for the Eastern District of Pennsylvania and the Court of Common Pleas of Philadelphia County alleging that the Volkswagen van had been dangerously defective because not equipped with a harness type seat belt, a condition which was alleged to have contributed to Mrs. Day's injuries.

The 1968 Volkswagen Type II Van driven by Mrs. Day at the time of the accident had been manufactured and equipped by Volkswagenwerk Aktiengesellschaft (VWAG) in West Germany. It was imported in the United States by Volkswagen of America, Inc. (VWOA), a New Jersey corpo-

ration. At point of entry, title to the vehicle was transferred to Volkswagen Atlantic, Inc. (VW Atlantic), a Delaware corporation and the regional distributor servicing dealers in Southeastern Pennsylvania. The retailer from whom the Days purchased the van was Towne Volkswagen, Inc. (Towne), a Pennsylvania corporation doing business in Philadelphia.

In the complaint filed in the federal court the named defendants were VWAG, the manufacturer of the van, and VWOA, the importer. The claim was based upon negligence, breach of express and implied warranties and strict liability under Section 402A of the Restatement (Second) of Torts for an alleged defect in the design, manufacture and sale of the van without a shoulder restraint or harness [1]

1. The complaint filed in the United States District Court for the Eastern District of Pennsylvania contained averments, inter alia, as follows:

6. The vehicle in question was manufactured by the defendant VWAG and sold or shipped by it to the defendant VWOA, for distribution and sale in the United States.

7. The defendant VWOA sold or shipped the said vehicle to a Volkswagen distributor for sale and distribution in Pennsylvania.

8. The said vehicle was sold to Towne Volkswagen, Inc., Philadelphia, Pennsylvania, where it was subsequently sold to the plaintiffs, as described in paragraph 5.

. . . .

12. *The injuries of the plaintiff Nancy V. Day were heightened and aggravated by the negligence of the defendant VWAG in its design, manufacture and inspection of the Microbus, and by the negligence of the defendant VWOA in its inspection and sale of a dangerously defective vehicle, and by the negligence of both defendants in failing to warn the plaintiffs of the uncrashworthings [sic] of the Microbus.*

. . . .

COUNT II
CLAIM OF PLAINTIFF NANCY V. DAY FOR ABSOLUTE LIABILITY IN TORT

14. The averments of paragraphs 1 through 9, and paragraph 11, are incorporated herein.

15. The injuries of the plaintiff Nancy V. Day were *heightened and aggravated by a defective condition of the Microbus, which condition was unreasonably dangerous to the plaintiff Nancy V. Day and which existed at the various times when the various defendants sold the vehicle and the defendants are liable to the plaintiff Nancy V. Day by virtue of the Restatement of Torts, 2d, § 402A.*

. . . .

type seat belt. The complaint in the Court of Common Pleas of Philadelphia contained identical causes of action and named as defendants VW Atlantic, the regional distributor, and Towne, the retailer who had sold the vehicle to the Days, as well as VWAG and VWOA.

The federal action was tried first and resulted in a verdict in favor of VWAG and VWOA. The jury which tried the case, in response to written interrogatories, found specifically that the van had not been defective and that neither VWAG nor VWOA had been negligent in failing to install shoulder restraints. Moreover, because the absence of shoulder restraints was obvious to a buyer, the court held as a matter of law that there had been no duty to warn. A motion for new trial by the Days was denied by the trial court, and its judgment was affirmed by the Court of Appeals for the Third Circuit. See: *Day v. Volkswagenwerk Aktiengesellschaft*, 451 F.Supp. 4 (E.D.Pa.1977), *aff'd*, 578 F.2d 1373 (3rd Cir.1978). In the Court of Appeals, appellants argued, inter alia, that the trial court had erred in excluding evidence that "the advertising campaign of Volkswagen over-sold it from the standpoint of safety and minimized its dangers to conservative-type purchasers such as the Days, who were interested in economical, safe transportation...." (Appellants' brief in the U.S. Court of Appeals, No. 77–2389, pg. 10).

In the state court, all defendants moved for summary judgment on grounds of res judicata and collateral estoppel. On September 19, 1980, the motions of VWAG and VWOA were granted. Summary judgments were entered in their favor, and no appeals were taken from such judgments.

COUNT III
CLAIM OF PLAINTIFF NANCY V. DAY FOR BREACH OF WARRANTY

17. The averments of paragraphs 1 through 9 and paragraph 11 are incorporated herein.

18. *The injuries of the plaintiff Nancy V. Day were heightened and aggravated by the defendants' breach of their express and implied warranties that the Microbus was safe for use and appropriate for the purpose intended.*

....

The court declined to enter summary judgment in favor of VW Atlantic and Towne, however, but expressly provided that its action was without prejudice to a reconsideration after discovery had been completed. After discovery had been completed, the motions of VW Atlantic and Towne were renewed, and the trial court granted summary judgment in their favor. It is this judgment from which the instant appeal has been taken and which now compels our attention and review.

■■■ "The law on summary judgment is well-settled. 'Summary judgment is made available by Pa.R.C.P. 1035 ... when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. This severe disposition should only be granted in cases where the right is clear and free from doubt. To determine the absence of a genuine issue of fact, the court must take the view of the evidence most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment.'" *Acker v. Palena,* 260 Pa.Super. 214, 218–219, 393 A.2d 1230, 1232 (1978) quoting *Husak v. Berkel, Inc.,* 234 Pa.Super. 452, 458, 341 A.2d 174, 177 (1975). Accord: *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 469 (1979); *Wilson v. Central Penn Industries, Inc.,* 306 Pa.Super. 146, 148, 452 A.2d 257, 258 (1982); *Boothman v. Prudential Property & Casualty Insurance Co.,* 304 Pa.Super. 137, 139–40, 450 A.2d 139, 140 (1982); *McNair v. Weikers,* 300 Pa.Super. 379, 388–389, 446 A.2d 905, 909–910 (1982); *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 586, 435 A.2d 181, 183 (1981). The burden rests upon the moving party to demonstrate clearly that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co., supra,* 488 Pa. at 204, 412 A.2d at 468–469; *McNair v. Weikers, supra,* 300 Pa.Super. at 399, 446 A.2d at 910; *Aimco Imports, Ltd. v. Industrial Valley Bank & Trust Co.,* 291 Pa.Super. 233, 236, 435 A.2d 884, 885 (1981). Summary judgment is properly granted on grounds of res

judicata and/or collateral estoppel if there is no genuine issue of material fact and the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits disclose that the moving party is entitled to judgment as a matter of law. See: *Brown v. Cooney*, 296 Pa.Super. 117, 442 A.2d 324 (1982); *Exner v. Exner*, 268 Pa.Super. 253, 407 A.2d 1342 (1979); *Haines Industries, Inc. v. City of Allentown*, 237 Pa.Super. 188, 355 A.2d 588 (1975); *Davis v. O'Brien*, 230 Pa.Super. 449, 326 A.2d 511 (1974) allocatur denied December 30, 1974.

■ The doctrine of res judicata has been judicially created. It reflects the refusal of the law to tolerate a multiplicity of litigation. It holds that "an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." 46 Am.Jur.2d, Judgments § 394 at 558–559 (footnotes omitted). " 'The original cause is "barred" by a judgment for the defendant and "merged" in one for the plaintiff. [The doctrine] forbid[s] relitigation of matters actually decided, on the ground that there is no assurance the second decision will be more correct than the first. Moreover, a party is commonly forbidden to raise issues that could have been litigated in the first suit but were not, because of the desirability of settling the entire controversy in a single proceeding.' " *In re Estate of R.L.L.*, 487 Pa. 223, 228 n. 7, 409 A.2d 321, 323 n. 7 (1979), quoting Cramton, Currie and Kay, Cases on Conflicts of Laws 2d Ed. ABC, p. 655 (1975). See also: *Haring v. Prosise*, 462 U.S. 306, —— n. 10, 103 S.Ct. 2368, 2375 n. 10, 76 L.Ed.2d 595, 606 n. 10 (1983). For the doctrine of res judicata to prevail there must be a concurrence of four conditions: (1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or sued. *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664,

668 (1975). Accord: *Duquesne Slag Products Company v. Lench,* 490 Pa. 102, 105, 415 A.2d 53, 55 (1980); *In re Estate of R.L.L., supra,* 487 Pa. at 228 n. 7, 409 A.2d at 323 n. 7; *Keystone Building Corp. v. Lincoln Savings & Loan Assn.,* 468 Pa. 85, 91, 360 A.2d 191, 194 (1976); *Schubach v. Silver,* 461 Pa. 366, 375, 336 A.2d 328, 332 (1975); *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A.2d 786, 787–788 (1965), *cert. denied,* 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1965); *Dunham v. Temple University,* 288 Pa.Super. 522, 534, 432 A.2d 993, 999 (1981); *Notoro v. Hyer Estate,* 239 Pa.Super. 10, 14, 361 A.2d 766, 768 (1976). "The doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them. A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or *their privies* on the same cause of action." *Stevenson v. Silverman, supra,* 417 Pa. at 190, 208 A.2d at 788 (citations omitted) (emphasis in original). Accord: *Haefner v. County of Lancaster,* 543 F.Supp. 264, 265 (E.D.Pa.1982); *Keystone Building Corp. v. Lincoln Savings & Loan Assn., supra,* 468 Pa. at 91, 360 A.2d at 194; *Goldstein v. Ahrens,* 379 Pa. 330, 334, 108 A.2d 693, 695 (1954); *Lebeau v. Lebeau,* 258 Pa.Super. 519, 525, 393 A.2d 480, 482 (1978); *Thompson v. Karastan Rug Mills,* 228 Pa.Super. 260, 266, 323 A.2d 341, 344 (1974).

To determine whether the state action against the distributor and retailer was barred by res judicata we must determine whether these parties were in privity with the manufacturer. If not, the state court action may proceed so long as it is based upon a cause of action different than that asserted against the manufacturer in the federal court action.

■ Generally, there is no prevailing definition of "privity" which can be applied automatically to all cases. Privity for purposes of res judicata is not established by the mere fact that persons may be interested in the same question or in proving the same facts. The Restatement (Second) of Judgments applies principles of res judicata to different

parties where one is vicariously responsible for the conduct of another, such as principal and agent or master and servant. Restatement (Second) of Judgments § 51. In such cases there is, in an important sense, a single claim. "The same loss is involved, usually the same measure of damages, and the same or nearly identical issues of fact and law. The substantive legal basis for vicarious responsibility rests largely on the notion that the injured person should have the additional security for recovery of his loss that is represented in imposition of liability on a person other than the primary obligor. The optional additional security thus afforded by rules of vicarious responsibility should not, however, afford the injured person a further option to litigate successively the issues upon which his claim to redress is founded. He is ordinarily in a position to sue both obligors in the same action and may justly be expected to do so. Beyond this, if he is allowed to sue the second obligor after having lost an action against the first, two anomalous consequences may result. First, he may be given recovery for conduct that has already been determined not to be wrongful. Second, if the first action is unsuccessfully maintained against the primary obligor, and the second successfully maintained against the person vicariously responsible, it could happen that the latter could obtain indemnity from the primary obligor. The result would be that the primary obligor would have to pay indirectly an obligation from which he had been directly exonerated." Restatement (Second) of Judgments § 51, comment b at 50–51.

The Texas Court of Civil Appeals has held that "[p]rivity connotes those so connected in law with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 197 (Tex.Civ.App.1978). It concluded that the relationship between the retailer and manufacturer of a pellet gun was not sufficient to meet the technical requirements of privity for purposes of res judicata. It also concluded, however, that

principles of collateral estoppel, which is issue oriented rather than party oriented, did bar an action against the retailer of the gun after a jury in the first action against the manufacturer had found that the gun was not defective.

Other jurisdictions which have considered the relationship between manufacturer, distributor and retailer in products liability cases have also eschewed the language of res judicata in favor of holdings which rely upon principles of collateral estoppel to bar successive actions. See: *Brown v. R.D. Werner Co.*, 428 F.2d 375 (1st Cir.1970) (collateral estoppel bars federal suit against manufacturer where the same issues have been litigated in state court action against retailer); *Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 216 S.W.2d 307 (1948) (collateral estoppel bars suit against manufacturer where same issues have been litigated in prior action against retailer); *Meyer v. Droms*, 68 App.Div.2d 942, 414 N.Y.S.2d 67 (1979) (collateral estoppel bars relitigation of issues in suit against distributor where issues were determined by entry of summary judgment in favor of manufacturer in prior action); *Billman v. Nova Products, Inc.*, 328 So.2d 244 (Fla.App.1976) (collateral estoppel bars suit against manufacturer where the same issues have been litigated in prior action against retailer). See also: Anno., Judgment in Action Against Seller or Supplier of Product as Res Judicata in Action Against Manufacturer for Injury From Defective Product, or Vice Versa, 34 A.L.R.3d 518 (1970).

In *Thompson v. Karastan Rug Mills, supra,* however, this Court held that a manufacturer of carpeting and the retail carpet outlet which sold the carpeting were in privity for purposes of applying the doctrine of res judicata. It held that both res judicata and collateral estoppel were applicable to bar a separate action against the manufacturer for defective carpeting after a prior action between retailer and purchaser had resulted in a determination that the carpeting was not defective.

Whether successive actions are barred by res judicata becomes important if an unsuccessful action against the

manufacturer is followed by an action against the retailer in which the consumer seeks to raise issues not raised in the prior action. Res judicata bars not only those issues actually raised but also those issues which could have been litigated in the first action. See: *In re Estate of R.L.L., supra; McCarthy v. Township of McCandless,* 7 Pa. Cmwlth. 611, 617, 300 A.2d 815, 819 (1973). See also: Restatement (Second) of Judgments §§ 24, 25. The instant action, however, sought to raise precisely the same issues as had been determined adversely to appellants in the prior action against the manufacturer. Therefore, we need not resolve in this appeal the apparent discord between the decision in *Thompson v. Karastan Rug Mills, supra,* and the decisions of other jurisdictions which have eschewed res judicata in favor of collateral estoppel in successive products liability cases between retailer and manufacturer. Instead, we pass to a consideration of principles of collateral estoppel which are dispositive and upon which our decision will be based.

The doctrine of collateral estoppel is a broader concept than res judicata. It operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. See: *Keystone Building Corp. v. Lincoln Savings & Loan Assn., supra,* 468 Pa. at 92 n. 7, 360 A.2d at 195 n. 7; *Schubach v. Silver, supra,* 461 Pa. at 377, 336 A.2d at 333; *Oak Lane Shopping Center, Inc. v. Flame,* 264 Pa.Super. 9, 14, 398 A.2d 721, 724 (1979); *Lebeau v. Lebeau, supra,* 258 Pa.Super. at 525, 393 A.2d at 482–483; *Davis v. O'Brien, supra,* 230 Pa.Super. at 451, 326 A.2d at 512; *Thompson v. Karastan Rug Mills, supra,* 228 Pa.Super. at 264, 323 A.2d at 343–344; Restatement (Second) of Judgments § 27. Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar. "Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either 'a sword or a

shield' by a stranger to the [prior] action, as long as the party against whom the defense is invoked is the same." *Thompson v. Karastan Rug Mills, supra,* 228 Pa.Superior Ct. at 265, 323 A.2d at 344. See also: *Davis v. O'Brien, supra,* 230 Pa.Super. at 451 & n. 2, 326 A.2d at 512 & n. 2. " '[A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action.' " *In re Estate of R.L.L., supra,* 487 Pa. at 228 n. 8, 409 A.2d at 323 n. 8, quoting *Safeguard Mutual Insurance Company v. Williams, supra,* 463 Pa. at 574, 345 A.2d at 668. See also: *Oak Lane Shopping Center, Inc. v. Flame, supra,* 264 Pa.Super. at 14–15, 398 A.2d at 724; *Lebeau v. Lebeau, supra,* 258 Pa.Super. at 525–526, 393 A.2d at 483; *Thompson v. Karastan Rug Mills, supra,* 228 Pa.Super. at 265, 323 A.2d at 344.

 The question of whether the van was defective and the defendants strictly liable under 402A of the Restatement (Second) of Torts because of the absence of shoulder restraints was fully and finally litigated in the federal action. Therefore, it may not be relitigated in the state court. The issue of possible negligence for failing to install shoulder harnesses in the van was also determined adversely to the appellants after a full and fair opportunity to litigate the issue and is similarly not available to appellants in this action. Appellants argue that the issue of failure to warn under 402A of the Restatement (Second) of Torts and *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975), was not "litigated" in the federal action. However, it is clear that this argument is not well founded. The federal court ruled as a matter of law that there was no liability for a failure to warn. The absence of shoulder restraints, said the federal trial court, "was both obvious to

the naked eye of anyone who made even a cursory inspection of the vehicle, and was specifically referred to in the owner's manual." *Day v. Volkswagenwerk Aktiengesellschaft, supra* at 6. The federal trial court also held as a matter of law that "the danger inherent in riding in the front seat of a rear-engine type vehicle [was] not a latent limitation requiring a warning of the risk involved." *Id.* at 6. Cf. *Greiner v. Volkswagenwerk Aktiengesellschaft*, 540 F.2d 85 (3rd Cir.1976), *on remand*, 429 F.Supp. 495 (E.D.Pa. 1977). This issue was also raised in post verdict motions and in the brief filed by appellants in the Court of Appeals. Thus, the issue regarding failure to warn has clearly been litigated. It has been determined finally against appellants. Contrary to appellants' argument, it was not necessary in order to be "litigated" that the issues have been determined by the jury.[2] See and compare: *Holt Hauling and Warehousing Systems, Inc. v. Rapistan, Inc.*, 448 F.Supp. 991 (E.D.Pa.1978); *Oak Lane Shopping Center, Inc. v. Flame, supra*, 264 Pa.Super. at 14–15, 398 A.2d at 724; *Brower v. Berlo Vending Co.*, 254 Pa.Super. 402, 406, 386 A.2d 11, 13 (1978); *Haines Industries, Inc. v. City of Allentown, supra; Davis v. O'Brien, supra.*

 Appellants argue further, in their effort to avoid the application of collateral estoppel, that they wish to assert in this action an independent cause of action, involving a separate issue, against Towne. This cause, it is argued, is based upon an averment that the salesperson "overpromoted" a defective vehicle. There is no merit in this contention. That the vehicle was not defective has been finally determined. Moreover, that appellants attempted to assert the same or a similar contention in the federal action is evidenced by the brief which they filed in the Court of Appeals. Most significantly, discovery depositions in the instant action disclose, without any dispute, that Norman Day, because of prior experience with a Volkswagen van,

---

**2.** The cause of action for breach of warranty has also been "litigated." It was eliminated prior to trial in favor of the cause based on absolute liability.

had complained to the salesman about (1) insufficient engine power; (2) instability in cross-winds; and (3) passenger compartment noise levels. The salesman represented that the 1968 model had increased engine power, greater stability, and lower noise levels. Appellants concede that they did not inquire about the adequacy of the existing seat belts or the "crashworthiness" of the vehicle and that the salesman made no representations regarding these qualities of the van.[3] Appellants have not alleged and do not contend that the salesman misrepresented the vehicle to them. Instead, they rely upon a miscomprehension of the decision in *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971).

The decision in *Incollingo* did not create a separate cause of action for "overpromotion." There, the issue was whether printed warnings attached by the manufacturer to the containers in which Chloromycetin was sold, were adequate or whether they had been, in effect, cancelled out by a very active advertising campaign conducted primarily through detail men who minimized the danger of the drug. The Supreme Court conceded that the issue was close but held that a jury could find *"in the setting of this case" that the printed warnings had been inadequate.* See also: *Baldino v. Castagna*, 308 Pa.Super. 506, 454 A.2d 1012 (1982).

In the instant case, it has been finally determined in the federal action that the Volkswagen van was not dangerously defective and that an absence of warnings regarding the absence of shoulder restraints did not render the van defective.

It is clear, therefore, that all issues have been litigated and determined finally; and appellants cannot relitigate them in this action. The trial court properly entered an order granting summary judgment in favor of appellees.

Affirmed.

3. The owner's manual provided with the vehicle noted that "[e]ach outboard seat is equipped with a third mounting point to facilitate subsequent installation of combination shoulder/lap belts."