**Black Top Paving v.
Equimark Commercial Finance**

*David B. Buerger,* for plaintiff.
*William H. Schorling,* for defendant.

TERPUTAC, *J.,* January 17, 1985—This action involves a complaint in trespass by Black Top Paving Co., Inc., against Equimark Commercial Finance Company (hereinafter ECFC). Black Top claims that ECFC mailed to business customers of Black Top a letter stating that Black Top had assigned its accounts receivable to ECFC and that therefore such persons should make payment of these accounts to ECFC, and not to Black Top.

Plaintiffs have presented a motion to bar defendants from presenting, as a defense, the claim that ECFC was in fact the creditor when the letters were sent. Black Top contends that the question of who was the creditor, Equibank or ECFC, was conclusively decided in the jury trial of Black Top v. Equibank, No. 123 April term, 1983. The motion to bar presents that which is essentially a collateral estoppel question, and thus whether the defense in question is barred must be decided by analysis under collateral estoppel guidelines.

The doctrine of collateral estoppel is designed to prevent the relitigation of issues which have been properly litigated and decided in a prior court proceeding. Day v. Volkswagenwerk Aktiengesellschaft, 318 Pa. Super. 225, 464 A.2d 1313 (1983). The litigation of an issue will be precluded under collateral estoppel if:

(1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in the question in a prior action. Safeguard Mutual Insurance Company v. Williams, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). Should any one of these four elements not be present, collateral estoppel will not work to bar the litigation of the issue in question. Bethlehem Steel v. Commonwealth, Dept. of Envtl. Resources, 37 Pa. Commw. 479 390 A.2d 1383 (1978); Safeguard Mutual Insurance Company v. Williams.

An examination of the facts involved in the prior trial shows that not all four of the elements are present; hence, collateral estoppel does not apply.

The first two elements of collateral estoppel noted above are the requirements that the issues in both cases are identical and that the issue in the prior case was resolved by a judgment rendered on the merits. By application to this case, those criteria would dictate that the defense now asserted by ECFC must have been presented to the jury and decided on the merits in the trial of Black Top against Equibank.

To determine whether the issue was decided on the merits, the court must look to the entire record, the pleadings, and the evidence presented — all with a view toward establishing exactly what the factfinder, in this case the jury, decided. United States v. Kates, 419 F. Supp. 846 (E.D., Pa. 1976). Unfortunately, in the prior litigation the jury rendered a general verdict; thus the only indication of what was decided is this court's instruction to the

jury. But an examination of the court's instruction cannot resolve the question, for the court instructed on several issues, and because the jury could have based its decision on any one of them, it cannot be determined whether the critical issue in this case was in fact resolved by the jury in the prior case.

In the trial of Black Top v. Equibank the court did instruct the jury on the issue which is sought to be held binding in the present litigation: whether Equibank or ECFC was the actual creditor, and whether Equibank had assumed credit held by ECFC. But the court also instructed on a question of the authority of Philip Cox, a manager and vice-president of Equibank. Conceivably, the jury could have decided the case based on Cox's power to bind both Equibank and ECFC by this action. Thus, we find that it is impossible to know exactly what reasons the jury used in reaching its decision. Because it is impossible to determine on what the decision was based, the prior litigation did not clearly resolve the critical issue involved here, and collateral estoppel may not apply. Van Wyk Construction Co. v. City of Philadelphia, 64 D.&C. 2d 443 (1974).

Further, because of the intricacies of the lending process, it is not at all clear that, even if the jury had decided the case solely on the basis of Equibank's assumption of the line of credit, the decision would have been determinative here. ECFC has argued that the relationship between Equibank and itself was such that ECFC had the right to exercise its own security even if Equibank had assumed the loan. To preclude ECFC from setting forth its claim that it was a creditor would effectively preclude any argument about its power and right to act on its security interests. Since this issue was clearly not advanced on the part of ECFC in the trial, such preclusion would not be just.

Black Top has quoted a portion on the opinion of the court en banc denying Equibank's post-trial relief. Black Top claims that this statement is determinative of the issues decided in the trial. But the jury was the sole finder of fact; its finding was a general one, for liability only. It is unclear on what fact or facts the jury based its decision, and thus collateral estoppel will not lie.

The third element of the collateral estoppel plea has also been vigorously contested by the parties. Black Top claims ECFC, if not a party to the prior litigation, was at least in privity with Equibank. Black Top cites as example of that privity various aspects of the close corporate relationship between the two companies. It appears to the court that on this point Black Top has made a persuasive argument. Were this the only element in question of the collateral estoppel plea, we would be much more inclined to grant the motion to bar; but in light of our decision as to the identity of the issues, we cannot do so.

The fourth element is that of a full and fair opportunity to litigate. Again, in light of our decision thus far, we need not deal with that question.

Counsel for Black Top has cited to the court the case of Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 131 A.2d 622 (1957), for the proposition that technical nuances should not be the deciding factors. Although that case dealt with res judicata, we agree that the principal is a sound one for this collateral estoppel determination. The Helmig opinion states that "a broad view should be taken of the subject, [the court] having always in mind the actual purpose to be attained." Id. at 30, 131 A.2d 627. This we have done, and we feel that the purposes of the collateral estoppel would not be at all well served by a grant of Black Top's motion.

## ORDER

And now, this January 17, 1985, plaintiff's motion to bar defendant from contending that in 1983 it was a creditor of plaintiff is hereby denied.