## Pittsburgh Coal & Coke Inc. v. Cuteri

*Joshua Cohen,* for plaintiff.
*Charles O. Zebley Jr.,* for defendant.

CICCHETTI, *P.J.,* May 2, 1986—Presently before the court is the plaintiff's motion for summary judgment. For the following reasons the motion is granted in respect to defendants' liability and denied in respect to damages.

Plaintiff, Pittsburgh Coal & Coke Inc., filed a complaint against defendants, Fred A. Cuteri; Cuteri Holding Company, a partnership; and Eureka Energy Company, a corporation. The facts giving rise to plaintiff's cause of action are not in dispute. On November 27, 1984, several written contracts were entered into by the parties. Under these contracts, plaintiff agreed to sell machinery and equipment to Eureka, and land and the unwashed gob, coke and coke breeze (gob piles) situated on the

land to CHC. The contracts allocated the purchase price for the items as follows: machinery and equipment, $1,650,000; land, $275,000; and gob piles, $2,275,000. Cuteri guaranteed performance of these contracts.

The closing for the transaction was to be on December 3, 1984. At this time, defendants failed to pay any amount to plaintiff.

Plaintiff's complaint alleges defendants breached their contracts. Plaintiff demands as damages from Eureka and CHC the purchase prices recited in the respective contracts, $4,350 for each day plaintiff allegedly has shut its plant in reliance upon the performance of the contracts, and $100,000 for damages to plaintiff's credit rating. Plaintiff demands as damages from Cuteri the purchase prices recited in the two contracts Cuteri guaranteed. Defendants' answer denies liability for the damages claimed by plaintiff and requests a setoff for the damages which plaintiff could have mitigated.

In a motion for summary judgment, the burden is upon the moving party to demonstrate clearly that there is no genuine issue of material fact. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super. 225, 231, 464 A.2d 1313, 1316 (1983). Also, "the court must take the view of the evidence most favorable to the nonmoving party, and any doubts must be resolved against entry of the judgment. *Day, supra.*

In the case sub judice the court will grant the summary judgment on the issue of liability. Defendant conceded a summary judgment could be entered against defendants on the issue of liability. Furthermore, Pa.R.C.P. 1035(b) provides:

"A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount

of the damages."

This court must now determine the propriety of granting the summary judgment as to damages.

The issue before the court is the applicability of Article II of the Uniform Commercial Code (13 Pa.C.S. §2101 et. seq.), to a sale involving both "goods" as defined in the U.C.C.* and "nongoods." Defendants argue the court may not enter a summary judgment in favor of plaintiff when the amount of plaintiff's damages cannot be ascertained. It is defendants' contention the predominant purpose of the transaction was for the transfer of personal property; therefore, the U.C.C. would govern the determination of damages.

Plaintiff seeks to recover the purchase price. While under limited circumstances, 13 Pa.C.S. §2209 permits a seller upon a buyer's breach to recover the purchase price, defendants assert plaintiff has not proved that section 2209 applies. Furthermore, defendants assert plaintiff has not established either the damage to its credit rating or its lost profit. Being that plaintiff has not met the burden of demonstrating there is no genuine issue of material fact, defendants assert the court cannot grant the motion.

The plaintiff contends as follows: The U.C.C. does not apply where the contract calls for the sale

---

\* Section 2105 provides in part:

"(a) 'Goods' means all things (including specially manufactured goods which are movable at the time of indentification to the contract for sale other than money in which the price is to be paid, investment securities (Division 8) and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty as described in section 2107 (relating to goods to be severed from realty; recording.)" 13 Pa.C.S.§2105

of both items qualifying as "goods" as well as other property in one integrated transaction. Therefore, Pennsylvania common law, and not the U.C.C., is the authority for the court to assess damages. Since there remains no questions of facts, and the court can assess damages as a matter of law, it is proper to enter summary judgment for both liability and damages.

In *Field v. Golden Triangle Broadcasting Inc.,* 451 Pa. 410, 305 A.2d 689 (1973), the Pennsylvania Supreme Court had to determine whether the sale of two radio stations was a sale of goods within Article II of the U.C.C. Although some personal property was transferred, the court refused to apply article II since the $30,000 of physical assets represented an insignificant portion of the total purchase price. See *Field,* 451 Pa. 423, 305 A.2d 696.

Other courts, faced with the determination of whether a "mixed contract" (one including the sale of goods and nongoods) falls within the U.C.C. have chosen to view the transaction as a whole and determine if the essential bulk of the assets to be transferred qualify as goods. *De Filippo v. Ford Motor Co.,* 516 F.2d 1313, 1321 (3d Circuit 1975); *Dravo Corp. v. White Consolidated Industries Inc.,* 602 F.Supp. 1136, 1140 (W.D.Pa. 1985); *Baker v. Compton,* 455 N.E.2d 382, (Indiana 1983). We view this to be a sensible approach which would avoid the difficult situation of having a portion of a contract construed as falling within the U.C.C. while the remainder would be excluded from the U.C.C. We find ourselves in agreement with the Third Circuit in *De Filippo v. Ford Motor Co.,* 516 F.2d at 1323, when it stated, "To insist that all assets qualify as goods would substantially thwart the intentions of the Uniform Commercial Code; it would sanction the absurd."

In the instant case, the first contract is for the sale of machinery and equipment to defendant Eureka. The second contract is for the sale of land and gob piles to plaintiff, CHC. In the first contract, 100 percent of the $1,650,000 purchase price is allocated to personal property. In the CHC agreement, we find that viewing the transaction as a whole, the essential bulk of the assets to be transferred qualify as goods. In this agreement, only 9.3 percent of the $2,550,000 purchase price, $275,000, was allocated to land. Therefore, we find that the U.C.C. applies to this contract.

The court must now determine whether the damages in the instant case can be determined as a matter of law. As plaintiff offered no evidence to prove its claims, summary judgment is inappropriate. This court does not find the bald assertion in the complaint of these damages as meeting the burden of demonstrating there is no genuine issue of material fact.