**Wisnewski v. Home Mutual Insurance Company**

*Terry L. Jordan,* for plaintiff.
*Lisa Ondrich,* for defendant.

ACKERMAN, *J.,* May 21, 1986—This is a declaratory judgment action where both petitioner and respondent are seeking summary judgment. Respondent is petitioner's no-fault insurance carrier. In 1976, petitioner was injured during the course of her employment as a toll collector for the Pennsylvania Turnpike Commission when an automobile struck her toll booth. Petitioner received worker's compensation benefits arising out of her injuries. Subsequently, her employer sought to end her benefits by filing a petition for termination. Evidence on the termination issue was submitted to the referee who found that petitioner's disability as a result of her work-related injury had ceased and the referee granted the petition to terminate her benefits. Petitioner then took an appeal to the Worker's Compensation Appeal Board which affirmed the referee's termination decision. An appeal to the Commonwealth court followed, but that appeal was quashed because the petitioner's former counsel failed to timely file a brief. Respondent asserts that the worker's compensation decision bars this action on the basis of res judicata and/or collateral estoppel; petitioner, in turn, seeks judgment in her favor.

For the doctrine of res judicata to prevail, there

must be an identity of persons and parties to the actions. Day v. Volkswagenwerk Aktiengesellschaft, 318 Pa. Super. 225, 464 A.2d 1313 (1983). Since the respondent no-fault carrier was not a party to the worker's compensation action, the doctrine of res judicata does not apply.

The doctrine of collateral estoppel, however, is a broader concept than res judicata. It operates to prevent a question of fact which has once been litigated and ajudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit. Unlike res judicata, there is no requirement under the doctrine of collateral estoppel that there be an identity of parties between the two actions in order to invoke the bar. Collateral estoppel will be invoked if (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. Day v. Volkswagenwerk Aktiengesellschaft, supra. A review of the record demonstrates that each of these requirements has been met.

The worker's compensation referee found as a fact that the petitioner's disability as a result of her work-related injuries ceased and terminated as of April 27, 1977. In this action the petitioner's request for declaratory judgment is based on her contention that her disability did not end on that date. The issue here is identical to the issue before the referee, i.e., has her disability ended, and, therefore, the identity of issues requirement of the collateral estoppel doctrine has been met.

The second requirement has also been fulfilled. The referee's decision was based on the merits of the controversy. That decision on the merits became final when the Commonwealth Court, a court of competent jurisdiction, quashed the appeal.

The third requirement has also been met. The plea of collateral estoppel is being asserted against the petitioner who was a party to the worker's compensation action.

The final requirement is that the petitioner must have had a full and fair opportunity to litigate the issue in the first action. It is unfortunate that petitioner's former counsel failed to submit a brief to the Commonwealth Court, causing her appeal to be quashed; however, there is no requirement that the issues actually be litigated, only a requirement that the party have a full and fair opportunity to litigate. The petitioner actually litigated the issue before the referee and before the Worker's Compensation Appeal Board and had the opportunity to litigate the issue before the Commonwealth Court.* Since all of the elements of the doctrine of collateral estoppel have been met, judgment will be entered in favor of respondent.

## ORDER OF COURT

And now, this May 21, 1986, respondent's request for summary judgment is hereby granted. Petitioner's request for summary judgment is hereby denied.

---

*Petitioner also asserts that there is after discovered evidence of her continuing disability. That claim would have to be directed to the Worker's Compensation Board; it has no effect on the application of collateral estoppel.