**Hudson v. Shoemaker**

144

*Bernard M. Gross,* for plaintiff.
*Gerald L. Soucie* and *Stephen C. Josel,* for defendants.

HERRON, *J.,* October 21, 1992 —

Plaintiff Lorraine Hudson moved this court for summary judgment, asking the court to apply the doctrine of collateral estoppel to estop defendant Wendy Shoemaker from denying liability for Hudson's injuries. Movant asks this court to attach collateral estoppel effect to the finding of an arbitration panel that Shoemaker was 100 percent at fault in causing the automobile accident during which Hudson was injured.

## BACKGROUND

On or about February 17, 1991, automobiles driven by Shoemaker and Wilma Rodriguez collided. Each automobile bore a passenger. Hudson, Shoemaker's passenger, filed a major case negligence suit against Shoemaker, Rodriguez and Isaac Ayole, the owner of one of the automobiles, which suit is the instant case. Rodriguez and Ruth Ramirez, passenger in the Rodriguez-driven automobile, filed a lawsuit against Shoemaker, docketed as *Rodriguez and Ramirez v. Shoemaker,* 91-08-3600, and listed as an arbitration matter.

The *Rodriguez v. Shoemaker* case proceeded to an arbitration hearing. Seven witnesses testified at the hearing

on February 27, 1992. On February 28, 1992, the arbitration panel returned an award in favor of both plaintiffs, with a finding of no comparative negligence on the part of the plaintiff-driver. On March 16, 1992, an order of award satisfaction was filed by plaintiffs' attorney. The arbitration award was not appealed by any party.

On June 17, 1992, Hudson moved this court for summary judgment. Hudson bases her motion on the arbitration panel's finding that Shoemaker is liable for the February 17, 1991, collision, with no comparative negligence. Hudson claims that this finding collaterally estops Shoemaker from denying liability for her injuries and precludes all issues except damages. This motion was made while the instant case was listed as a major case jury trial. Subsequently, Hudson's counsel has, by praecipe, transferred the case to arbitration.

Shoemaker responded that applying issue preclusion to an arbitration hearing is not possible under the law, citing *Petruzzi v. City of Philadelphia,* 13 Phila. 354 (1985).

Shoemaker also responds that her attorney and counsel for Rodriguez and Ramirez entered into a binding agreement to the effect that none of the parties would appeal the arbitration award. They also agreed that they would place high and low end caps on their respective exposures to liability. In the event the panel was to find for Shoemaker, Shoemaker would nonetheless settle with plaintiffs for $5,000. On the other hand, plaintiffs agreed to settle for no more than $15,000 in the event (which did occur) Shoemaker was found liable for 100 percent of the injuries. Shoemaker argues that because of this agreement she could not appeal the award, and therefore, the failure to appeal is not indicative of the reliability of the award.

Further, Shoemaker points out that Hudson, who initially gave a statement to her treating physician that Shoemaker was not at fault, testified in favor of Rodriguez. Shoemaker claims this testimony came without notice[1] and that had her counsel been aware of Hudson's change in position, he would not have entered the high/low agreement.

## DISCUSSION

Hudson's argument is essentially that all the testimony, discovery and effort that went into the arbitration hearing should not have to be duplicated. Hudson points to the cases which approve use of collateral estoppel as the basis for a grant of summary judgment. See e.g., *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 464 A.2d 1313 (1983).

Collateral estoppel " 'forecloses re-litigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original judgment.' " *Hebden v. W.C.A.B (Bethenergy Mines),* 142 Pa. Commw. 176, 187, 597 A.2d 182, 188 (1991). Collateral estoppel, or issue preclusion, may be asserted by a stranger to the original judgment as long as the party against whom it is asserted had a full and fair opportunity to litigate the issue.[2] *Id.*

1. Shoemaker claims her counsel was unwilling to spend the necessary time and effort to cross-examine and impeach Hudson by demonstrating her awareness of the unavailability of uninsured motorist coverage from Rodriguez because he did not want to take up the panel's time.

2. See *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa. Super. 225, 237, 464 A.2d 1313, 1319 (" 'Collateral estoppel may be used as either "a sword or a shield" by a stranger to the prior action as long as the party against whom the [claim] is invoked is the same.' "). (citations omitted)

Collateral estoppel is appropriate where:

"(1) [T]he issue decided in the prior adjudication was identical with the one presented in the later action,

"(2) there was a final judgment on the merits,

"(3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and

"(4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." *Volkswagenwerk,* 318 Pa. Super. at 237, 464 A.2d at 1319, quoting *In re Estate of R.L.L.,* 487 Pa. 223, 228, 409 A.2d 321, 323, n.8 (1979).

Here, the issue presented is identical to that adjudicated in the earlier proceeding. Additionally, the party against whom the preclusion of the issue is asserted, defendant Shoemaker, was a party to the prior adjudication. Shoemaker does not believe she had a full and fair opportunity to litigate the issue.

Shoemaker's argument is that the high/low agreement into which her attorney entered prevented her from fully litigating the issue in two ways. First, she claims it prevented her from properly addressing Hudson's new evidentiary position regarding Shoemaker's liability. Second, the agreement stopped her from appealing the panel's award.

This court is of the position that Shoemaker had a full and fair opportunity to litigate the issue of her liability in the arbitration proceeding. By entering the high/low agreement with her adversaries, Shoemaker herself limited her opportunities to litigate the issue. The arbitration system, with allowance for appeal, does not require defen-

dants to enter agreements to limit their liability or waive their rights.

The final test of Hudson's argument for collateral estoppel is whether an arbitration award is a final judgment on the merits. Unfortunately, there is no appellate case law to guide this decision. This court has twice previously held that considerations of judicial economy dictate that arbitration awards not be given preclusive effect. *Petruzzi v. City of Philadelphia, supra; Bell v. Lauth*, 5 D.&C.3d 261 (1977). In *Petruzzi*, Judge Hill, borrowing heavily from *Bell*, decided that the efficiency reasons for compulsory arbitration foreclose the application of collateral estoppel to arbitration awards. *Id.* at 356-57.

Movant cites two cases as support for his contention that this Court should not follow *Petruzzi* and *Bell*. In *Grant v. GAF Corp.*, 415 Pa. Super. 137, 608 A.2d 1047 (1992), the Superior Court held that the decision of a workmen's compensation referee, affirmed on appeal by the Workmen's Compensation Appeal Board and again by the Commonwealth Court of Pennsylvania, *Grant v. Workmen's Compensation Appeal Board (USX Corp.)*, No. 989 C.D. 1990, collaterally estopped the claimant from re-litigating identical claims in a civil action in the Court of Common Pleas. Movant urges this court to accept the twice affirmed decision of a workmen's compensation referee as analogous to an arbitration award and give the award similar preclusive weight.

The Pennsylvania Workmen's Compensation Act, 77 Pa.C.S. §1 *et seq.*, is a comprehensive legislative scheme designed to deal with injuries suffered by employees on the job. The statutes include extensive provisions for procedure, rules of evidence, appeals and findings of fact and conclusions of law.

Compulsory arbitration, on the other hand, is a mechanism designed to remove some of the logjam from the overburdened civil trial courts. Unlike the Workmen's Compensation Act, the statute governing compulsory arbitration is a single mandate, leaving the procedural, evidentiary and conclusory aspects to be set up by rules of procedure. Arbitration proceedings are not of record, and arbitration panels are not required to report their findings in conclusions of law and findings of fact. See Pa. R.C.P. 1304, 1305.

Finally, Workmen's Compensation appeals are made upon the basis of the record established by the referee. 77 Pa.C.S. §1503. In those appeals, the Board of Appeals reviews the record made before the Referee and assesses the reasonableness of the referee's findings. *Id.* In contrast, appeals from compulsory arbitration take the form of trials *de novo.* 42 Pa.C.S. §7361(d). In other words, the evidentiary proceedings before the panel are not intended to be final.

The differences between the natures of Workmen's Compensation proceedings and compulsory arbitration proceedings forbid analogizing *Grant* to the instant case. The other case movant urges this court to accept as dispositive of the issue in this case is *Ottaviano v. SEPTA et al.,* 239 Pa. Super. 363, 361 A.2d 810 (1976). However, that case dealt with whether the appeal of an arbitration award by one party to the case changed the effect of that award on the other parties. That issue was mooted by the subsequent adoption of Pa.R.C.P. 1309, which states: "An appeal by any party shall be deemed an appeal by all parties as to all issues unless otherwise stipulated in writing by all parties."

Absent any reason to depart from the rule of *Petruzzi* and *Bell,* this court will continue to hold that a compulsory arbitration award is not a final judgment on the merits. Therefore, a compulsory arbitration award is not available to collaterally estop a claim or defense in other proceedings. Since the arbitration award cannot be used to support movant's plea of collateral estoppel, it is not a proper basis on which to grant summary judgment.

Finally, the mere fact that Hudson's case is now listed for arbitration rather than trial does not transform the *Rodriguez* arbitration award into a final judgment on the merits. Therefore, the arbitration listing does not affect the outcome of the motion here considered.

## CONCLUSION

The policy considerations set out in *Petruzzi v. City of Philadelphia* control the instant situation. Compulsory arbitration is intended to expedite minor cases in the trial courts, and placing collateral estoppel effect on the outcomes of these proceedings would provide litigants with a reason to appeal arbitration awards. This would particularly be true in cases with multiple parties, where each party will have an incentive to wait and see what happens. Therefore, plaintiff's motion for reconsideration is denied.