

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-31-2004

# Sloan v. Pittsburgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sloan v. Pittsburgh" (2004). *2004 Decisions.* Paper 381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4121
_____

SHIRLEY SLOAN,

Appellant

v.

CITY OF PITTSBURGH;
KATHLEEN KRAUS, individually and as
Acting Director of Public Safety Department;
ROBERT MCNEILLY, individually and in his capacity
as Chief of Police of the City of Pittsburgh;
CATHLEEN MCNEILLY, individually and in her capacity as
Commander of the City of Pittsburgh Police Department
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-01938)
District Judge:  Honorable Robert J. Cindrich
_____

Argued July 13, 2004

Before:  RENDELL, BARRY and FISHER, *Circuit Judges*.

(Filed : August 31, 2004)

Edward A. Olds (Argued)
1007 Mount Royal Boulevard
Pittsburgh, PA  15223
      *Attorney for Appellant*

Susan E. Malie
City of Pittsburgh
Department of Law
414 Grant Street
313 City County Building
Pittsburgh, PA 15219

Brian P. Gabriel (Argued)
U.S. Steel Tower, Suite 660
600 Grant Street
Pittsburgh, PA 15219
        *Attorneys for Appellees*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Shirley Sloan, a Police Department Lieutenant and a black female, filed suit against the City of Pittsburgh and her superiors on September 3, 1998, asserting, *inter alia*, a racially hostile work environment, disability discrimination, First Amendment retaliation and Equal Protection claims. Sloan appeals the denial of her request for partial summary judgment and the grant of summary judgment in favor of the City, over which we exercise plenary review.

The district court granted summary judgment to the defendants on all claims, only four of which Sloan has challenged. The district court found that Sloan failed to meet her burden of proving the applicability of issue preclusion with respect to the factual findings supporting her receipt of Heart and Lung Act benefits, that other claims were untimely, and that she failed to produce evidence sufficient to establish that she experienced a

2

racially-hostile work environment or suffered from a disability under the Rehabilitation Act. The district court also determined that Sloan failed to produce evidence from which a jury could reasonably infer that she was subjected to adverse employment actions because of her race or that Sloan was subjected to retaliatory employment actions. We affirm, even accepting all of Sloan's evidence as true and construing all the evidence in the light most favorable to her, as we must, in reviewing a motion for summary judgment. Fed. R. Civ. P. 56(c).

Because the parties are familiar with the factual and procedural background of this case, we comment only regarding those facts that are pertinent to our disposition of this appeal.

## I. Issue Preclusion

In the district court Sloan moved for partial summary judgment pursuant to Fed. R. Civ. P. 56(d), for a finding that certain facts had been conclusively determined by the Pennsylvania courts in granting her benefits under the Heart and Lung Act:

> Issue preclusion is appropriately invoked if: (1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 548 (3d Cir 1996).

Although there was a final judgment on the merits, at least two of the four factors necessary for issue preclusion are not present in this case.

3

First, the issues decided in the Heart and Lung Act litigation are not identical to the issues here. We previously determined that the legal issues presented in a Pennsylvania Workers' Compensation hearing were not identical to issues in a Title VII case, for purposes of determining whether issue preclusion applied. *Dici*, 91 F.3d at 549.[1] Likewise, the standards, governing law, and policies for Sloan's Heart and Lung Act benefit claims under Pennsylvania law are different from the federal constitutional and discrimination claims at issue here. Consequently, issue preclusion is inappropriate in this case.

Second, this litigation involves four defendants, only one of whom was a party to the prior adjudication. Issue preclusion is only appropriate if the party against whom it is invoked was also a party, or was in privity with a party, in the previous adjudication. Privity, for purposes of issue preclusion, is not established by the mere fact that persons may be interested in the same question or in proving the same facts. *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1316 (Pa. Super. 1983). Sloan failed to meet her burden of showing that the defendants are in privity with a party in the previous adjudication. Therefore, it is inappropriate to invoke issue preclusion.

---

[1]There is a difference in the scope of the Heart and Lung Act and Workers' Compensation Act in Pennsylvania. The Heart and Lung Act covers police and firefighters, while the Workers' Compensation Act covers all other employees injured in the course of employment.

4

II. Hostile Work Environment[2]

From the beginning of 1996 there were several incidents which Sloan alleges are evidence of intentional discrimination because of her race.[3]

First, in four or five instances, Sloan's car was parked illegally and it was ticketed while other cars were not ticketed. Second, officers requested permission from Sloan to search her home to determine if her son's minor girlfriend and her grandchild were at the home. The girlfriend's mother had contacted the police, complaining that the girl was truant and staying in Sloan's house, and Sloan was interfering with parental authority.

---

[2]There are five elements to a hostile work environment claim:
   (1)    the employee suffered intentional discrimination because of her [race];
   (2)    the discrimination was pervasive and regular;
   (3)    the discrimination detrimentally affected the plaintiff;
   (4)    the discrimination would detrimentally affect a reasonable person of the same race in that position; and
   (5)    the existence of respondeat superior liability.
*Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir 1999).

[3]The district court noted a two-year statute of limitations period for Sloan's hostile work environment claims. However, this court has previously addressed the applicable statute of limitations of 300 days for Title VII claims. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471-474 (3d Cir. 2001). A claimant has 300 days from the date of the adverse employment decision to file a claim with the EEOC if she files first with a state or local agency. 42 U.S.C. § 2000e-5(e)(1). Sloan filed a complaint with the Pittsburgh Human Relations Commission on October 4, 1996, claiming workplace harassment based upon race and sex, and harassment of her sons. Sloan filed a claim with the EEOC on February 3, 1998. Any incident that occurred more than 300 days prior to February 3, 1998, which is April 9, 1997, is outside of the statute of limitations.
Sloan argues that the incidents that occurred prior to December 28, 1995, are within the 300-day statute of limitations because they form part of a continuing violation. However, those prior incidents do not form part of a continuing violation because they involve different actors and are of a different nature than the prior alleged harassment of her sons. *See Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 481 (3d Cir. 1997).

The mother accused Sloan of harboring a runaway. Third, shells from Sloan's service revolver were checked for comparison to all open shootings in the North Side. There were a number of shootings, and one of Sloan's sons was a suspect in two of the shootings. In fact, a test to determine if Sloan's son had discharged a firearm initially came back positive, but the crime lab report disappeared. Fourth, Sloan was forced to remove a basketball hoop from in front of her house after a neighbor complained.

Fifth, Sloan was transferred from the police chief's office and assigned to a newly created court liaison position in the municipal courts when her previous position was eliminated. There was no change in rank, pay, or schedule. Sloan wanted to continue to work a light duty, inside job, and this is what she received. She did not have a desk, a telephone, or an office. She produced no work product, and was not reprimanded. She was not assigned any duties, nor given a job description. After Sloan refused this position and stopped working, another officer was assigned this position under the same starting conditions and thrived.

Finally, within the statute of limitations, Sloan was denied Heart and Lung benefits, her request to return to work in a light-duty capacity was refused,[4] and Sloan was ordered to turn in her weapon after she complained of stress.

---

[4]"The rejection of a proposed accommodation is a single completed action when taken, quite unlike the 'series of separate acts' that constitute a hostile work environment and 'collectively constitute' an unlawful employment practice." *Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 135 (2d Cir. 2003).

There is no indication that any of these incidents of which Sloan complained were motivated by intentional race discrimination. There is no evidence of adverse comments or conduct by her co-workers in any position she held. She never received any official demotion, suspension, or criticism at work. There is no evidence of animosity in the workplace. There is no allegation of misconduct or maltreatment from those that Sloan worked with. In fact, Sloan received one promotion, and admitted that coworkers encouraged her to seek another promotion in November 1994.

Even if this court considers the time-barred actions of the defendants involving Sloan's sons, these actions do not amount to actionable intentional discrimination against Sloan on account of her race. Sloan failed to allege events that fulfilled the first element of a hostile work environment claim; therefore, her claim fails without need to address any other elements.

### III. First Amendment Retaliation

Under 42 U.S.C. § 1983, to claim retaliation for the exercise of First Amendment rights, the plaintiff must prove: (1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001).

The only actions that are not time-barred are the denial of Heart and Lung Act benefits, the denial of Sloan's request to return to work, and the order to turn in her weapon after she complained of stress.[5]

Sloan alleges that she participated in the protected activities of filing numerous complaints with the Office of Municipal Investigations between October 1994 and December 1996, joining a civil rights lawsuit against the police department in March 1996, and filing a complaint with the Pittsburgh Human Relations Commission in October 1996. Sloan claims that these activities resulted in adverse employment actions consisting of the refusal to allow Sloan to return to work and Sloan's transfer to court duty.[6]

There is no evidence to support a causal link between the protected activity and any adverse employment action. First, Sloan had previously made accusations of harassment, and was allowed to return to work in January of 1996. Second, no protected activity occurred in a time that was close to the decision not to allow Sloan to return to

---

[5]The 42 U.S.C. § 1983 claim here is subject to a two-year statute of limitations. § 1983 incorporates the state's personal injury limitations period. Pennsylvania's statute of limitations for personal injury is two years. 42 Pa. Cons. Stat. Ann. § 5524 (West Supp. 1998). This suit was filed in September 1998, so any conduct which occurred prior to September 1996 is time-barred. The continuing violation theory does not apply, because the incidents that occurred after September 1996 involve different actors and are of a different nature than the prior alleged harassment.

[6]Although outside the statute of limitations, Sloan's transfer was not an adverse employment decision. As discussed above, there was no change in rank, pay, or schedule, merely a change in duty. Sloan received a light duty, inside job, as she requested.

work. Third, there is no indication that the Gates Company, the independent entity who made the determination of Sloan's ability to return to work, was aware that Sloan engaged in any protected activity.

Finally, there is no evidence that the reasons given by the City of Pittsburgh for delaying and denying Sloan's request to return to work are pretextual. The reason the City of Pittsburgh gave for denying Sloan's request to return to work is that the ability to use a gun is an essential duty of a police officer, and Sloan stated that she could not carry a gun. The decision was delayed because Sloan repeatedly failed to provide requested additional medical information to process her request. Consequently, because there is no causal link between Sloan's protected activities and the adverse employment actions, her claim must fail.

## IV. Rehabilitation Act

To show discrimination under the federal Rehabilitation Act, the employee must show (1) that he or she has a disability; (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job. *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).

To have a disability, a plaintiff must prove a physical or mental impairment that limits a major life activity. *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002). Sloan alleges that she suffers from the disabilities of depression, anxiety,

panic attacks and sleeplessness, and that these disabilities substantially limit the major life activities of driving, sleeping, and working.

Sloan has not alleged any substantial limitation in any of her major life activities. Driving is not considered a major life activity. *Chenoweth v. Hillsborough County*, 250 F.3d 1328, 1329-30 (11th Cir. 2001).

Difficulty sleeping is a common problem, and not a limitation of a major life activity unless the plaintiff shows a uniquely severe affliction, which Sloan did not do. *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 644 (2d Cir. 1998). Sloan did not describe an inability to sleep, but an exhaustion that caused her to go to sleep at 9:00 p.m. and awake at 5:00 or 6:00 a.m. (resulting in eight or nine hours of sleep).

Sloan is not substantially limited in the major life activity of working. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 491 (1999) (citation and quotation omitted). Plaintiffs must allege they are unable to perform in a broad class of jobs. *Id.* Sloan alleges that her physician has cleared her to perform all light duty work that does not involve carrying a firearm. This is not a substantial limitation.

Since Sloan has not alleged that she is substantially limited in any major life activity, she has not shown that she suffers from any legally recognized disability.

10

V. Equal Protection

Sloan's equal protection claims are minimally stated in a single paragraph in her brief and provide a single citation. Sloan merely asserted that it is obvious that she has prima facie case because "[s]he is African-American, the city rejected her application to return, she was qualified for the light duty position which she sought, and the city had available positions."

Because Sloan failed to allege any evidence of a similarly situated employee treated differently, this claim must fail. *Simpson v. Kay Jewelers*, 142 F.3d 639, 645 (3d Cir. 1998).

Based on the foregoing, we find that summary judgment was properly granted to the City of Pittsburgh and partial summary judgment was properly denied to Sloan in this case. Consequently, we will affirm the August 17, 2003 Memorandum Opinion and Order of the District Court.

_____