J-S01042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

SHERMAN COLEMAN,

             Appellant

             v.

JOHN E. WETZEL, SECRETARY OF
CORRECTIONS, PENNSYLVANIA
DEPARTMENT OF CORRECTIONS AND
NANCY A. GIROUX, SUPERINTENDENT
AT THE STATE CORRECTIONAL
INSTITUTION AT ALBION

:
:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1357 MDA 2016

Appeal from the Order entered July 29, 2016
in the Court of Common Pleas of Cumberland County,
Criminal Division, No(s): CP-21-MD-0000280-2016

BEFORE: GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED FEBRUARY 28, 2017**

Sherman Coleman ("Coleman"), *pro se*, appeals from the Order affirming the Cumberland County District Attorney's Office's ("the DA Office") disapproval of the Private Criminal Complaint ("PCC") filed by Coleman, and dismissing Coleman's *pro se* Petition for Review. We affirm.

On December 16, 2015, Coleman, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), filed a PCC against the Superintendent at SCI-Albion, Nancy A. Giroux ("Giroux"), and the Secretary of the Pennsylvania Department of Corrections ("DOC"), John E. Wetzel ("Wetzel"). In sum, Coleman alleged that Giroux and Wetzel committed violations of 18 Pa.C.S.A. §§ 911 and 5301, concerning corrupt organizations and official oppression. Specifically, Coleman argued that he is being unlawfully

detained by the DOC without a valid, signed sentencing order.[1]  The DA

Office declined to prosecute the PCC, citing a lack of probable cause.

On April 19, 2016, Coleman filed with the trial court a *pro se* Petition

for Review of the DA Office's decision, pursuant to Pa.R.Crim.P. 506.  The

trial court thereafter held a *de novo* evidentiary hearing on July 25, 2016.

On July 29, 2016, the trial court issued an Order affirming the DA Office's

disapproval of Coleman's PCC and dismissing Coleman's Petition for Review.

Coleman timely filed a *pro se* Notice of Appeal.

Coleman now presents the following issues for our review:

1. [Whether] ... the trial court abused its discretion by denying
   [Coleman's] Petition for Review and affirming the [DA
   Office's] denial of [the PCC] against [] Wetzel ... and []
   Giroux ...[,] that set forth a strong *prima facie* showing that
   [] Wetzel ... and [] Giroux [are] knowingly running and
   engaging in a criminal enterprise, [and] corrupt organization
   ...[,] in direct violation of the Pennsylvania Crimes Code, 18
   Pa.C.S. § 911 *et seq.*, that prohibits the []DOC from running
   or engaging in both a legitimate and illegitimate government
   entity/corporation[] that accepts and detains those who have
   been lawfully and unlawfully accepted into the []DOC at SCI-
   Alb[ion], defrauding the taxpayers of the Commonwealth of
   millions of dollars yearly ...[,] and subjecting [Coleman] to
   official oppression, involuntary servitude, peonage, and penal
   servitude[,] as they are unlawfully restraining [Coleman] of
   his liberty[,] in direct violation of [his] 4th, 5th, 6th, 8th, 13th,
   and 14th Amendment rights[,] ... because [he] has not ever
   been duly convicted or sentenced by a court of law through a
   legally required[,] ... valid ... sentencing and commitment

---

[1] In September 1988, Coleman was convicted, in Allegheny County, of
several crimes after committing an armed robbery, and was sentenced to
three consecutive terms of ten to twenty years in prison.  ***See
Commonwealth v. Coleman***, 570 A.2d 1086 (Pa. Super. 1989)
(unpublished memorandum at n.6).

order[] that's been separately entered into any of the appropriate criminal docket entries in the lower court[?]

2. [Whether] … the trial court not only abused its discretion by denying [Coleman's] Petition for Revi[]ew, because [the court] has also violated his oaths of office to defend, support and obey both the state and federal Constitutions, by acting under state law in a manner violative of the federal Constitution by definitively knowing that [Coleman's] unlawful detention is in direct violation of [his] 13th Amendment right [under] the United States Constitution, because [Coleman] has not ever been duly convicted or sentenced in a proper manner or in accordance with legal requirements of the laws of this Commonwealth of Pennsylvania[?]

Brief for Appellant at 3 (capitalization and brackets omitted).

Our review is limited to the trial court's review of the DA Office's decision:

When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a [PCC], an appellate court is limited to ascertaining the propriety of the *trial court's* actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

**Commonwealth v. Brown**, 669 A.2d 984, 990 (Pa. Super. 1995) (*en banc*) (emphasis in original). A trial court applies different standards depending on the prosecution's reasons for disapproving a PCC. The determinative factor is whether the prosecution's decision was based wholly on legal grounds, or whether a policy consideration played a role. **Braman v. Corbett**, 19 A.3d 1151, 1157 (Pa. Super. 2011). "When the Commonwealth's disapproval is based wholly on legal considerations, the court employs a *de novo* review. Where the decision includes or is entirely based on policy considerations, the

trial court reviews the Commonwealth's determination under an abuse of discretion standard." *Id.* at 1157-58 (citations omitted).

Instantly, the DA Office's reason for disapproving Coleman's PCC was purely legal (the lack of probable cause). Accordingly, *de novo* review was appropriate, and the trial court properly conducted a *de novo* evidentiary hearing.

Coleman argues, *inter alia*, that the trial court erred in dismissing his Petition for Review

> because [Coleman] has not ever been "duly" convicted or sentenced by a court of law through a legally/required/judicial/mandated/valid/formal/written/signed/ sealed/separately[-]titled/separately[-]captioned sentencing order never being entered in any of the appropriate Court of Common Pleas of Allegheny County Criminal Docket Entries.

Brief for Appellant at 25 (unnumbered).

In its Opinion, the trial court stated that

> [a] full review of [Coleman's] filings with this court reveals that, on March 28, 2015, he filed a [PCC] in this [C]ounty against the same defendants[, *i.e.*, Wetzel and Giroux,] alleging the same offenses and making the same claim that there is no supporting documentation for his sentence. *Coleman v. Wetzel*, Trial Court Docket No.: CP-21-MD-281-2015, Appellate Court Docket No.: 1582 MDA 2015. The [trial] court [in that case] denied [Coleman] relief on his Petition for Review of his [PCC]. We are bound by this ruling because of the doctrine of *res judicata*, and therefore, we denied [Coleman] relief. [FN]
>
> > [FN] The doctrine of *res judicata* holds that ["a]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial

tribunal of concurrent jurisdiction.["] ***Day v. Volkswagenwerk Aktiengesellschaft***, 464 A.2d 1313, 1316 (Pa. Super. 1983) [(citation omitted)]. [Coleman's] two cases share the four conditions necessary for the application of *res judicata*: (1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or being sued. ***See id.*** at 1317.

Furthermore, in **Coleman v. SCI Albion**, 121 A.3d 1144 (Pa. Super. 2015) (unpublished memorandum), [Coleman] attempted to file a similar criminal complaint with the [D]istrict [A]ttorney of Erie County (where SCI[-]Albion is located). The Superior Court affirmed the trial court's action in refusing to overrule the [D]istrict [A]ttorney's disapproval of [Coleman's] complaint. [***See id.*** at 8 (stating that the record contained a copy of Coleman's valid sentencing order issued by the Allegheny County trial judge in 1988, which would justify the District Attorney's disapproval of Coleman's PCC).] [Coleman] has unsuccessfully raised identical issues in at least two other cases: ***See Coleman v. Giroux***, 125 A.3d 437 (Pa. Super. 2015) (unpublished memorandum) (affirming Allegheny [County] trial court order dismissing [Coleman's] petition for writ of *habeas corpus*)[,] *appeal denied by* 2016 Pa. LEXIS 6 (Pa. Jan. 4, 2016); and **Commonwealth v. Coleman**, 131 A.3d 109 (Pa. Super. 2015) (unpublished memorandum) (affirming Allegheny [County] trial court order denying [Coleman's] petition for expungement).

Trial Court Opinion, 9/12/16, at 2-3 (unnumbered, some footnotes omitted).

We agree with the trial court's rationale, which is supported by the record.

Accordingly, none of Coleman's claims on appeal entitle him to relief, and the trial court properly affirmed the DA Office's disapproval of Coleman's PCC and dismissed Coleman's Petition for Review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017